IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JESUS CAMACHO PADILLA,

        Defendant.
_____/

CR. NO. S-08-0420 EJG

ORDER DENYING MOTION FOR
DOWNWARD DEPARTURE

    Defendant, a federal prisoner proceeding pro se, has filed a motion seeking a downward departure for mitigating role in the offense, pursuant to United States Sentencing Guideline § 3B1.2. For the reasons that follow, the motion is DENIED.

    On May 1, 2009, defendant was convicted pursuant to his plea of guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced September 25, 2009 to a term of 108 months imprisonment and three years supervised release. Now, almost one year later, he moves to reduce his sentence.

///

1

After entry of judgment, the situations under which a sentence can be modified or corrected are few, and most are governed by strict time constraints.  <u>See</u> <u>generally</u>, Fed. R. Crim. P. 35 (sentence correction); 18 U.S.C. § 3582 (sentence modification); 18 U.S.C. § 3742 (appeal of sentence).  None of the relevant statutes and rules under which sentences may be modified, corrected or appealed apply to defendant's request for a sentence reduction.  Rule 35 relates to the correction of clerical errors, 35(a), and to the provision of substantial assistance to the government, 35(b).  Section 3582 concerns sentence modifications made at the request of the Bureau of Prisons for certain unique circumstances, 3582(c)(1), or in situations where the sentencing range has been lowered by the Sentencing Commission, 3582(c)(2).  Section 3742 provides limited situations in which defendants may file appeals, none of which are applicable.  Moreover, as part of his plea agreement, defendant waived his right to appeal and collateral attack of his conviction and sentence.

Finally, even were the court to find a procedural vehicle through which to entertain defendant's motion, it would fail on the merits.  Defendant's request for a sentence reduction is based on his alleged "mitigating" role in the offense.  In his plea agreement defendant reserved the right to argue for a role adjustment, and in fact, filed a sentencing memorandum in which he did just that, arguing that he was but a driver and had no

2

knowledge of and did not participate in conversations in which the drug transaction was negotiated.  The court rejected defendant's argument, and adopted the presentence report's finding that the defendant and his two co-defendants were equally culpable.

    Based on the foregoing, defendant's motion for a downward departure is DENIED.

    IT IS SO ORDERED.

Dated: August 31, 2010

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT